## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## THIRD DIVISION

UNITED STATES OF AMERICA,                                    Criminal No. 06-407(1) MJD/AJB

                Plaintiff,

v.                                                            **REPORT AND RECOMMENDATION**

NEULAN MIDKIFF,

                Defendant.


Timothy C. Rank, Esq., and Tracy L. Perzel, Esq., Assistant United States Attorneys, for the plaintiff, United States of America;

Douglas Olson, Esq., for the defendant, Neulan Midkiff.


This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on May 29, 2007, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The Court issued an Order on Motions dated May 31, 2007, reserving defendant Neulan Midkiff's Motion to Suppress Physical Evidence and Motion for Severance of Counts for submission to the district court on report and recommendation.

Based upon the file and documents contained therein, along with exhibits received at hearing, the magistrate judge makes the following:

**Findings**

        **December 9, 2005, Search Warrants.** On December 9, 2005, United States Magistrate Judge Arthur J. Boylan, issued separate warrants to search a particularly identified and described residence in Forest Lake, Minnesota (Hearing Exh. No. 1) and a particularly identified

business office in Blaine, Minnesota (Hearing Exh. No. 2). The locations are further identified in supporting affidavits as the residence of defendant Neulan Midkiff and a place of business used by Mr. Midkiff. The search warrants identified the objects of the warrant as documents relating to the operation of specifically-named businesses; bank records associated with defendant Midkiff and other named persons and businesses; accounting and financial records; income and expenditure records; investor solicitation documents; and records indicating occupancy and residence of the search locations. The warrants further authorized seizure of computers and other electronic and information storage devices containing the particularly described objects of the warrants. The warrants were issued on the basis of probable cause contained in the identical Affidavits of United States Postal Inspector Mary K. Agnew, including substantial information and records obtained from other law enforcement authorities and government agencies; reports by a complainant witness; review of bank account statements; witness interview information; physical surveillance observations; examination of telephone records; and review of filings in an action commenced by the SEC in federal district court in the Eastern District of Texas. The residence and business office search warrants were executed on the day of their issuance, December 9, 2007, and evidence was seized pursuant to those warrants.

**December 10, 2005, Search Warrant.** On December 10, 2005, United States Magistrate Judge Arthur J. Boylan, issued a second warrant to search the same Forest Lake, Minnesota, residence that had been searched the previous day. The warrant again particularly identified and described the location that was to be searched (Hearing Exh. No. 3); the search warrant identified the same items as being the objects of the search; and the warrant was issued on the basis of probable cause contained in the Affidavit of United States Postal Inspector Mary K. Agnew. The

affidavit in support of the second residence search warrant incorporated the earlier affidavit by reference and attachment.  In addition, the December 10, 2005, affidavit included information obtained from a local law enforcement officer who advised an FBI agent and the affiant that the residence had a sub-basement storage area that likely would not have been readily visible to officers executing the earlier search warrant.  This information was confirmed through an FBI agent's telephonic interview with the original source of the information, a concerned citizen whose identity is known to law enforcement authorities.  Moreover, the affidavit indicated that the warrant was being requested for authorization to search a limited area of the residence.  The warrant was executed on December 10, 2005, but no evidence was seized.

**December 12, 2005, Search Warrant.**  On December 12, 2005, United States Magistrate Judge Arthur J. Boylan, issued a warrant to search a particularly identified and described apartment residence in Forest Lake, Minnesota (Hearing Exh. No. 4).  The location is further identified in supporting affidavit as a place to which United States mail was delivered to a particularly named organization.  The search warrant identified the objects of the warrant as documents relating to the operation of specifically-named businesses; bank records associated with defendant Midkiff and other named persons and businesses; accounting and financial records; income and expenditure records; investor solicitation documents; and records indicating occupancy and residence of the search locations.  The warrants further authorized seizure of computers and other electronic and information storage devices containing the particularly described objects of the warrants.  The warrants were issued on the basis of probable cause contained in the Affidavit of FBI Special Agent Ruth E. Hovey.  By reference and attachment the affidavit in support of the apartment search warrant incorporated the affidavits

submitted to the magistrate judge in support of the warrants issued on December 9, 2007.  More particularly with respect to the warrant presently at issue, the affidavit stated probable cause which included information obtained by interview with the defendant Neulan Midkiff in an SEC enforcement action and information obtained in interviews conducted by United States Postal Inspector Mary Agnew's with several individuals having personal knowledge of circumstances relating to this matter.  The search warrant was executed on December 12, 2007, and evidence was seized pursuant to the warrant.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

## Conclusions

**December 9, 2005, Search Warrants.**  Evidence seized pursuant to warrant to search a particularly identified and described residence in Forest Lake, Minnesota (Hearing Exh. No. 1) and warrant to search a particularly identified business office in Blaine, Minnesota (Hearing Exh. No. 2) was not unlawfully obtained in violation of the constitutional rights of defendant Neulan Midkiff.  The search warrants were issued on December 9, 2005, and were based upon sufficient probable cause as stated in the Affidavit of United States Postal Inspector Mary K. Agnew and as determined by United States Magistrate Judge Arthur J. Boylan.  Each of the warrants properly and sufficiently identified the location of the particular search and the items to be seized.  The search warrants issued on December 9, 2005, were lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrants.

**December 10, 2005, Search Warrant.**  A second warrant to search the particularly identified and described residence in Forest Lake, Minnesota (Hearing Exh. No. 3), was not unlawfully

obtained in violation of the constitutional rights of defendant Neulan Midkiff.  The search warrant was issued on December 10, 2005, and was based upon sufficient probable cause as stated in the Affidavit of United States Postal Inspector Mary K. Agnew and as determined by United States Magistrate Judge Arthur J. Boylan.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  The search warrant issued on December 10, 2005, was lawfully issued.  Moreover, the search warrant return and inventory indicates that no evidence was seized pursuant to execution of this warrant.

**December 12, 2005, Search Warrant.**  Evidence seized pursuant to warrant to search a particularly identified and described apartment residence in Forest Lake, Minnesota (Hearing Exh. No. 4), was not unlawfully obtained in violation of the constitutional rights of defendant Neulan Midkiff.  The search warrant was issued on December 12, 2005, and was based upon sufficient probable cause as stated in the Affidavit of FBI Special Agent Ruth E. Hovey, incorporating the Affidavit of United States Postal Inspector Mary K. Agnew, and as determined by United States Magistrate Judge Arthur J. Boylan.  The warrant properly and sufficiently identified the location of the search and the items to be seized.  The search warrant issued on December 12, 2005, was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Severance of Counts.**  Counts in the superseding indicting alleging failure to file tax returns were not improperly joined with counts alleging wire fraud and counts alleging money laundering, and severance of counts for separate trials is not required.[1]  Defendant argues counts are

---

[1] The initial indictment indictment alleged four counts of failing to file a tax return which were numbered 22-25.  A superseding indictment was returned on June 5, 2007, charging an additional count of conspiracy to commit mail fraud against defendant Midkiff and Travis Correll (Count 16 in the superseding indictment) and a second new count of conspiracy to commit money laundering by Mr. Midkiff and Travis Correll (Count 23 in the superseding

misjoined under Fed. R. Crim. P. Rule 8(a) or alternatively, he is prejudiced by joinder and counts should be severed pursuant to Fed. R. Crim. P. Rule 14(a).  The United States asserts joinder of counts is appropriate based on the similar nature of alleged offenses.  The government contends that Counts 24-26, concerning failure to file tax returns for 2002, 2003 and part of 2004, are part of a common scheme that includes actions relating to the remaining counts in the superseding indictment. The prosecution further argues that Counts 26-27, regarding alleged tax evasion for part of 2004, and all of 2005, are part of the same act or transaction as the superseding indictment's wire fraud and money laundering counts.

Generally, joinder of offenses is favored, and the rules are construed liberally in their favor. United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995).  Joinder of multiple offenses is permissible if offenses are 1) of the same or similar character; or 2) based on the same act or transaction; or 3) based on acts or transactions that are connected with or constitute parts of a common scheme. Fed. R. Crim. P. 8(a). The propriety of joinder under Rule 8(a) is a question of law, though, relief from a legally sufficient joinder may be obtained as an exercise of discretion on motion for severance due to prejudice, pursuant to Rule 14.  United States v. Rodgers, 732 F.2d 625, 628-29 (8th Cir. 1984).  Availability of the Rule 14 remedy permits broad construction of Rule 8 in favor of initial joinder. Rodgers, 732 F.2d at 629.

In particular, joinder of counts is justified when the counts refer to similar offenses happening over a "relatively short period of time," and evidence for each overlaps. Rodgers, 732 F.2d at 629.  In the instant case, there was essentially no lapse in time between the charged offenses since

---

indictment). As a result of these added charges, the count numbers are different in the superseding indictment.

they occurred continuously, even though the first count alleging tax evasion, Count 24 for the year 2002, relates to a time period two and a half years before the activities charged in the money laundering, conspiracy, mail fraud and wire fraud counts of the superseding indictment. The "relatively short time" standard is not an objective measurement, but is a factor of the relationship between the offenses and overlapping of evidence. Rodgers, 732 F.2d at 629. The overlap of evidence may be marginal and extends to the possibility that evidence relating to the earlier offense might be introduced to show motive, intent or identity or other matters under Fed. R. Evid. 404(b). Rodgers, 732 F.2d at 630.

Counts 26 and 27 in this case are based on the same charged act or transaction as the superseding indictment's other counts since it is alleged that the money laundering, facilitated by the charged wire fraud and conspiracy, created income that Mr. Midkiff failed to report. Evidence of this alleged money laundering would likely be material to a failure to file tax returns. The charged tax evasion occurred concurrently with the alleged mail fraud, conspiracy and money laundering, so there was no time lapse. Counts 24-26, for the years 2002-2004, are also properly joined in the superceding indictment under Rule 8(a). These tax evasion counts are factually interrelated to the money laundering, conspiracy, mail fraud and wire fraud counts since these charges stem from a financial relationship allegedly formed in 2002 between defendant Midkiff and Travis Correll. For the years 2002-2004, Midkiff allegedly received at least $560,000 from Mr. Correll. The non-tax counts of the superseding indictment allege that the defendant defrauded investors beginning in the mid-2004 while serving as an intermediary for Correll. A factually sufficient relationship between Counts 24-26 and the mail fraud, wire fraud, conspiracy and money laundering counts of the superseding indictment is

alleged in the superseding indictment. Furthermore, the counts in this case are properly joined on the basis of their being parts of a common scheme which are "temporally and logically" connected. United States v. Johnson, 462 F.3d 815, 822 (8th Cir. 2006).

Defendant's alternative contention, that joinder of the tax counts with the non-tax counts in the superseding indictment would prejudice him, is also unpersuasive. Courts can order separate trials of counts if they appear to prejudice a defendant. Fed. R. Crim. P. 14(a). A defendant is not prejudiced if there is sufficient evidence that one crime would be probative and admissible at a separate trial of the other count. United States v. Davis, 103 F.3d 660, 676 (8th Cir. 1996). Specific examples of types of evidence admissible at a separate trial for another crime, thus not engendering prejudice when joined, include evidence of motive, intent or a pattern of criminal behavior. United States v. Humphreys, 982 F.2d 254, 259 (8th Cir. 1992). With respect to the joinder of Counts 26-27, relating to tax returns for the years 2004-05, evidence of the other counts would likely be admissible at trial for the alleged tax evasion and no evidentiary prejudice has been shown. Evidence of the defendant's alleged failure to file tax returns for the years 2002-2004 could arguably be offered to show the defendant's alleged intent or his pattern of criminal behavior. Considering the similar nature of the facts alleged concerning Counts 24-26 as compared to the rest of the superseding indictment, the charged tax evasion is "inextricably intertwined" with the other alleged crimes, and thus not prejudicial. United States v. O'Dell, 204 F.3d 829, 833 (8th Cir. 2000). Rule 14 severance is a remedy for prejudice that may develop during trial. United States v. Robaina, 39 F.3d 858, 861 (8th Cir. 1994). Even if the court determines that joinder was not improper, severance may still be granted immediately before or during trial.

Finally, defendant Midkiff contends that the joinder of all the counts of the superseding indictment may affect his decision to testify. However, to justify severance, a defendant is required to make a "persuasive and detailed showing" concerning the testimony he would offer on the count he wants severed, and the reason he cannot testify on the other counts. United States v. Possick, 849 F.2d 332, 338 (8th Cir. 1998). The suggestion that the defendant received poor tax advice does not satisfy the requirement of a detailed showing. Indeed, Mr. Midkiff offers no evidence regarding the reasons he cannot testify on the other counts and does not even describe the possible prejudice that he would likely suffer.

In summary, the tax evasion counts should not be severed from the rest of the superseding indictment. The failure to file a tax return counts are sufficiently related to the money laundering, conspiracy, mail fraud and wire fraud counts to meet the liberal standard for joinder under Rule 8(a) and defendant has not shown prejudice from joinder based upon evidentiary considerations.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

RECOMMENDATION

The Court hereby recommends that:

1. Defendant Neulan Midkiff's Motion for Severance of Counts be denied. [Docket No. 46]; and

2. Defendant Neulan Midkiff's Motion to Suppress Physical Evidence be denied [Docket No. 48].

Dated:   June 20, 2007

  s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before July 6, 2007

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.