# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# THIRD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 06-407(1) MJD/AJB |
| Plaintiff, | |
| v. | **SECOND REPORT AND RECOMMENDATION** |
| NEULAN MIDKIFF, | |
| Defendant. | |

Timothy C. Rank, Esq., Tracy L. Perzel, Esq., and Kim Svendsen, Esq., Assistant United States Attorneys, for the plaintiff, United States of America;

Douglas Olson, Esq., for the defendant, Neulan Midkiff.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on July 11, 2007, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The Court issued an Order on Motions dated May 31, 2007, and issued a prior Report and Recommendation dated June 20, 2007.[1] A superseding indictment was returned on June 5, 2007, and the defendant thereafter filed additional motions for dismissal and severance of counts and defendants which are the subjects of this Second Report and Recommendation.

Based upon the file and documents contained therein, along with the memorandums and oral arguments of counsel, the magistrate judge makes the following:

---

[1] The magistrate judge has recommended that a motion to sever counts and a motion to suppress physical evidence be denied. Defendant filed an objection to the recommendation on severance of counts which is currently pending before the district court.

**Findings and Conclusions**

**Severance of Counts.**  Defendant Neulan Midkiff moves for severance of four counts in the superseding indictment alleging failure to fail income tax returns for each of the years 2002 through 2005, Counts 24–27 in both the initial and superseding indictments.  Defendant previously moved for severance of the same counts in the initial indictment.  The magistrate judge has issued a report and recommendation to the district court, therein recommending that the motion for severance of tax counts be denied, and the motion is presently before the district court on objections by the defendant.  With respect to severance of counts this motion is identical to the prior motion, except to the extent that it relates to the superseding indictment rather than the first indictment.  It is the magistrate judge's conclusion that the previous Report and Recommendation fully addresses this matter; this motion will be effectively and wholly decided upon the district court's determination with respect to the currently pending motion to sever counts in the initial indictment; and the decision by the district court will be fully applicable to the superseding indictment.  This motion for severance of counts is **moot**.

**Severance of Defendants.**  In the context of his motion to sever counts defendant Neulan Midkiff has also moved for severance of two counts in the superseding indictment alleging conspiracy, Counts 16 and 23.  The two conspiracy counts are also alleged against co-defendant Travis Correll, and they are the only charges in the superseding indictment, excepting forfeiture allegations, against someone other than Mr. Midkiff.  Consequently, the motion to sever conspiracy counts is essentially a motion to sever defendants for separate trials.

In his written motion the defendant expressly states that the motion is made for the purpose of preserving the issue in light of the superseding indictment and the addition of the conspiracy counts involving Travis Correll. The government opposes the motion to sever defendants but asserts that the motion may become moot in light of potential criminal proceedings involving Mr. Correll in another jurisdiction and therefore proposed that the motion be deferred.

Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b). There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 937 (1993). Persons charged with conspiracy should generally be tried together and it will rarely be improper for co-conspirators to be tried together. United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991); United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991)(cert. denied 502 U.S. 813 (1991)).

The co-defendants in this case have been indicted for conspiring with one another to commit mail fraud and to commit money laundering. Under these circumstances, the general rule in the Federal system is that the co-conspirators should be tried together. The court may grant a severance of defendants if it appears that a defendant is prejudiced by a joinder of defendants at trial. Fed. R. Crim. P. 14. A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 113 S.Ct. at 938.

Defendant Midkiff offers no evidentiary justification for severance but has now made the motion to sever conspiracy counts, i.e. motion to sever defendants, in order to preserve the issue.

3

It is the trial court's duty on a motion for severance to weigh prejudice resulting from a single trial against the expense and inconvenience of separate trials. United States v. Parra, 2 F.3d 1058, 1062 (8th Cir. 1993). Defendant Midkiff has not shown the requisite prejudice in this instance. The counts and defendants in this case were properly joined under Rule 8 and there is no present basis for severance. Decision on a Rule 14 motion for severance lies within the sound discretion of the trial court. United States v. Robaina, 39 F.3d 858, 861 (8th Cir. 1994). Furthermore, Rule 14 severance is a remedy for prejudice that may develop during trial. Id. at 861. Even if the court determines that joinder was not improper, severance may still be granted immediately before or during trial. Joinder of defendants in this case was not improper; severance is not required in light of the current record; and defendant Midkiff should not be precluded from moving for severance of defendants in light of a more complete evidentiary record.

**Motion to Dismiss.** Defendant Neulan Midkiff moves to dismiss the superseding indictment based upon the contention that Travis Correll was added as a defendant to prevent him from testifying on Midkiff's behalf, or merely to gain a strategic advantage over Mr. Correll. Midkiff argues that the government's tactics are prejudicial and dismissal is necessary to protect his right to fundamental fairness and due process. He asserts that Correll is the admitted mastermind of a nationwide Ponzi scheme and that he, Midkiff, was an unwitting pawn and victim of Correll's scheme, as indicated by Correll's own statements to investigators and defense counsel. Defendant acknowledges that his fears, and this motion, are moot in the event Correll appears and testifies in this criminal proceeding, but states the motion is now made to preserve a claim for relief from the government's improper and prejudicial efforts to preclude Correll's testimony in Midkiff's favor. The

government opposes the motion to dismiss, asserting the absence of any improper motivation in bringing the superseding indictment, the lack of authority to justify the requested relief, and the defendant's failure to explain why the relief would affect the co-defendant's decision to testify in this case.

Defendant Midkiff's motion to dismiss is wholly unsupported by evidence to the extent it relies upon a contention that the superseding indictment is a result of the government's impure motives and the motion is entirely speculative with regard to the possible effects that the superseding indictment may have on the co-defendant's decision to testify favorably for Midkiff. Indeed, the motion fully relies upon the court making assumptions and inferences based upon alternative hypothetical circumstances and conjectured outcomes. Furthermore defendant has not persuasively shown the dismissal is the appropriate relief even in light of the most egregious government motives that are propounded. Defendant Neulan Midkiff's motion to dismiss the superseding indictment should be denied.

**Grand Jury Transcripts.** In his motion to dismiss defendant Midkiff has also requested that grant jury transcript relating to the superseding indictment be disclosed pursuant to Fed. R. Crim. P. 6(e)(3)(E). The government opposes the request for grand jury disclosures. Pursuant to Fed. R. Crim. P. 6(e), grand jury records and transcripts are subject to a general rule of secrecy. Exceptions allowing disclosure are cited in Rule 6(e)(3). Defendant has not shown a particularized need for the grand jury materials. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994). Specifically with regard to the request presented here, the defendant has not effectively shown that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury, as is required for disclosure authorization under Rule 6(e)(3)(E). The motion for disclosure of grand jury transcripts should therefore be **denied**.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

**RECOMMENDATION**

The Court hereby recommends that:

1. Defendant Neulan Midkiff's Motion for Severance of Defendants[2] be **denied**. [Docket No. 70];

2. Defendant Neulan Midkiff's Motion for Severance of Counts be **denied as moot** [Docket No. 71];

3. Defendant Neulan Midkiff's Motion to Dismiss Indictment be **denied** [Docket No. 72]; and

4. Defendant Neulan Midkiff's motion for disclosure of grand jury transcripts be **denied**

Dated:    July 18, 2007

                                        s/ Arthur J. Boylan
                                        Arthur J. Boylan
                                        United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections

---

[2] Defendant's motion to sever defendants is contained in the same document as his motion to sever counts and is therefore made under the Motion to Sever Counts caption. The motions have been separated for docketing purposes.

which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before August 2, 2007

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.