UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Neulan Dae Midkiff,

    Defendant.

**MEMORANDUM OPINION
AND ORDER**

Crim. No. 06-407 (MJD)

---

Lisa Kirkpatrick, Assistant United States Attorney, Counsel for Plaintiff.

Doug Olson, Assistant Federal Defender, Counsel for Defendant.

---

This matter is before the Court on Defendant's *Pro Se* motions for Immediate Release [Doc. No. 295], Emergency Motion for Hearing for Immediate Release [Doc. No. 299], Motion for Declaratory Relief [Doc. No. 297], Motion to Reduce Sentence [Doc. No. 301] and Motion for Bond, Immediate Release or in the Alternative a Tort Claim Bivens Action. [Doc. No. 302].

On October 20, 2008, Defendant was sentenced to a term of imprisonment of 180 months after a jury found him guilty of multiple counts of fraud.

1

In each of the motions pending before the Court, Defendant is seeking early release from prison and placed on home confinement based on the Second Chance Act, as amended by the First Step Act. Specifically, Defendant is relying on the elderly inmate home confinement pilot program that was reauthorized under the First Step Act, and which provides that the Attorney General shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders from BOP facilities and placing them on home detention. 34 U.S.C. § 60541(g)(1)(A). An eligible elderly offender is defined as one who is not less than 60 years of age, who is not serving a life sentence, has not been convicted of a federal or state crime of violence, sex offense, terrorism, or violence at an international airport, and has served two-thirds of his sentence. 34 U.S.C. § 60541 (g)(5)(A). Defendant argues that he is entitled to early release from the Duluth Prison Camp because he meets the definition of an eligible elderly offender; he is 77 years old, not serving a life sentence, has served two-thirds of his sentence and has not been convicted of one of the enumerated offenses.

Since filing the above motions, Defendant's request to be placed on home confinement has been granted. Defendant is currently residing with family in

Colorado.  (See Doc. No. 304, Defendant's Notice of Change of Address.)

Accordingly, the Court will deny the above motions as they are now moot.

IT IS HEREBY ORDERED that Defendant's Motion for Release [Doc. Nos. 295], Emergency Motion for Hearing for Immediate Release [Doc. No. 299], Motion for Declaratory Relief [Doc. No. 297], Motion to Reduce Sentence [Doc. No. 301] and Motion for Bond, Immediate Release or in the Alternative a Tort Claim Bivens Action  [Doc. No. 302] are DENIED AS MOOT.

Date:   May 30, 2019

s/ Michael J. Davis<br>
Michael J. Davis<br>
United States District Court